# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**LAWRENCE R. JOHNSON,**

**Defendant.**  No. 09-30148-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant's motion for copy of the sentencing transcript (Doc. 36). Based on the following, the Court denies the motion.

Defendant's motion does not state why he needs the transcript; just that he would like a copy of the sentencing transcript. The sentencing transcript does not exist. The transcript for his sentencing has not been prepared. When transcripts have not been prepared, a defendant has a right to have transcripts prepared at the government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a ***pending*** and non-frivolous actions. *See* 28 U.S.C. § 753(f) (emphasis added). These requirements do not violate the Constitution. *See United States v. McCollum*, 426 U.S. 317 (1976)(court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal

protection).

Further, section 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977).

Here, defendant's motion clearly is insufficient. The transcripts are not part of the Court's file. Thus, the Court cannot provide them under § 753(b). In any event, defendant fails to demonstrate that he needs the transcripts for a non-frivolous action. He merely states that he would like a copy of his sentencing transcript. Moreover, defendant must first file a 2255 action in order to obtain preparation of transcripts under § 753(f). *United States v. Horvath*, 157 F.3d 131, 132-33 (2nd Cir. 1998)(collecting cases). Because defendant has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f).

Accordingly, the Court **DENIES** defendant's motion for copy of sentencing transcript (Doc. 36).

**IT IS SO ORDERED.**

Signed this 15th day of November, 2011.

Digitally signed by
David R. Herndon
Date: 2011.11.15
09:25:34 -06'00'

**Chief Judge
United States District Court**